UNITED STATES *v.* JONES *et al.*

*(Circuit Court, W. D. Louisiana. October, 1888.)*

POST-OFFICE — POSTMASTER — LARCENY FROM MAILS — LIABILITY ON OFFICIAL BOND.
    A postmaster placed in the mail-bag, at his office, a sum of money belonging to the government, to be carried through the mail to the postal depository. While the carrier was on his way to deliver the mail-bag to a steamboat, the postmaster intercepted and robbed him of the bag and contents. His sureties were held liable on the postmaster's bond for the sum claimed by the government.

*(Syllabus by the Court.)*

At Law. Action to recover on official bond.

M. S. *Jones,* U. S. Atty., *John T. Ludeling, W. G. Wyly,* and *C. J. & J. S. Boatner,* for defendants.

BOARMAN, J., *(orally charging jury.)* The defendant R. L. Jones was postmaster at Lake Providence in 1885. The government now sues to

recover against him, and the sureties on his official bond; the defendants deny any liability. The evidence, not disputed in this case, is sufficient, upon all the essential matters, to enable you to reach a correct verdict. The substantial facts are as follows: Jones had from time to time failed to turn over moneys belonging to the government, until his delinquencies, on ———, 1885, amounted to $4,200. On the night of ———, Stewart, the man employed by the government to transport the mail-bags from the post-office at Lake Providence to the steam-boats in the river, was robbed, and the mail-bag and contents were taken away from him. Jones, the postmaster, and two others, were indicted for robbing Stewart of the mail. Jones was tried, and convicted of robbery, in this court, and he is now in the penitentiary. On his trial he became a witness for himself. Counsel for defendants in the case now before us were permitted on the part of the sureties, to show what Jones said on his trial. They show to you that Jones said he, as postmaster, in the line of his official duty, put the amount for which the government now sues the sureties in the mail-bag, and turned the bag and contents over to Stewart, the mail-carrier. The jury convicted Jones of the robbery, and the fact that he did rob Stewart of the mail-bag into which he had, but a little while before, put the government's money, must be taken, by reason of the verdict against him, as conclusively proved. Now, then, the case shown by the evidence is as follows: A postmaster, who has in his official capacity a sum of money belonging to the government, puts it in a mail-bag to be carried, by one of the several agents employed to carry the mails, to the government depository, and, within a short while after he has turned over the money to the mail-carrier, he intercepts him, and by force takes the mail-bag from him and converts the money to his own use. Under such a statement of facts, the liability of the principal in this suit will not be seriously denied. To test the liability of the sureties on Jones' bond, let us see what the government required of Jones, and what the sureties warranted he would do for the government. His employer charged him with certain duties and trusts. Among other things, he was trusted with sums of money which it was his duty to forward to the government's depository. His sureties guarantied that he would in good faith discharge all the duties incumbent on him, and faithfully take care of all the trusts attached to him as an official. Does the statement of admitted facts show that Jones, in relation to the funds which belonged to the government, faithfully complied with all the guaranties of his sureties? To assist the government in safely conveying, through the mails, the public money which from time to time comes into the postmaster's hands, constituted an essential element of the duties and trusts confided to Jones. His sureties warranted that he would in good faith do everything which was expressed, or reasonably implied, in the conditions of the bond. They warranted that he would faithfully discharge all the trusts implied in the nature of his agency. Now, they contend that Jones, having, as postmaster, put the money for which they are now sued into the mail-bag, and turned it over to the mail-carrier, discharged all of the official duties and trusts imposed on him as

postmaster, and that the act of robbing the mail was perpetrated by Jones as an individual, for whose criminal act they are not liable under the terms of the bond. Faith is an attribute of the mind. The quality and extent of Jones' faith can be judged only by his acts. In forwarding money through the mails, an honest purpose, and honest acts of both of his hands, were pledged to his employer. The facts, not disputed in the case, show that he put the government money into the custody of the mail-carrier with an official hand; and with the other, a criminal hand, he forcibly took it from the carrier, and converted it to his own use, before it could reach the depository to whom it was his duty to forward the money. By putting the money in the mail-bag he performed an official duty; but it cannot be said that he faithfully discharged all the duties and trusts imposed on him by law in relation to that money. If he had robbed a mail-carrier, to whom some other postmaster had confided the government's money, it may be that the sureties of Jones would not have been liable for the amount taken by him. The department was greatly at fault in allowing the postmaster, at a village office, to accumulate so much money in his hands, and to remain for so long a time—a year or more—delinquent in his settlement. This may affect the moral right of the government to hold the sureties liable under the circumstances, but it cannot impair the legal rights of the government. Under the admitted facts, you will have to find that Jones did not discharge the trusts imposed in him in such a manner as to satisfy or comply with the warranties of his sureties, and you must find for the plaintiff.